1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Website: www.bamlawca.com

6  Attorneys for Plaintiff

7

**FILED**

San Francisco County Superior Court

APR 25 2018

CLERK OF THE COURT
BY: _____
Deputy Clerk

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **IN AND FOR THE COUNTY OF SAN FRANCISCO**

11  DION MARTIN, an individual, on behalf      Case No. _____ **CGC-18-566072**
    of himself and on behalf of all persons
12  similarly situated,                        **CLASS ACTION COMPLAINT FOR:**

13                                             1. UNFAIR COMPETITION IN
                                               VIOLATION OF CAL. BUS. & PROF.
14              Plaintiff,                      CODE §§ 17200, *et seq.*;

15  vs.                                        2. FAILURE TO PROVIDE REQUIRED
                                               MEAL PERIODS IN VIOLATION OF
16  AIRCRAFT SERVICE                           CAL. LAB. CODE §§ 226.7 & 512 AND
    INTERNATIONAL, INC., a Corporation;        THE APPLICABLE IWC WAGE
17  MENZIES AVIATION (USA) INC., a             ORDER;
    Corporation; and DOES 1 through 50,
18  inclusive,                                 3. FAILURE TO PROVIDE REQUIRED
                                               REST PERIODS IN VIOLATION OF
19                                             CAL. LAB. CODE §§ 226.7 & 512 AND
                                               THE APPLICABLE IWC WAGE
20              Defendants.                     ORDER;

21                                             4. FAILURE TO REIMBURSE
                                               EMPLOYEES FOR REQUIRED
22                                             EXPENSES IN VIOLATION OF
                                               CAL. LAB. CODE § 2802; and,

23                                             5. FAILURE TO PROVIDE ACCURATE
                                               ITEMIZED STATEMENTS IN
24                                             VIOLATION OF CAL. LAB. CODE §
                                               226.

25

26

27                                             **DEMAND FOR A JURY TRIAL**

28

1

EXHIBIT A, PAGE 5

BY FAX
ONE LEGAL LLC

Plaintiff Dion Martin ("PLAINTIFF") an individual, on behalf of himself and all other similarly situated current and former employees alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## **THE PARTIES**

1.    Defendant Aircraft Service International, Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.    Defendant Menzies Aviation (USA) Inc. is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

3.    Defendant Menzies Aviation (USA) Inc. is a business entity who is a successor in interest to Aircraft Service International, Inc. having purchased Aircraft Service International, Inc. in February of 2017. Defendants Menzies Aviation (USA) Inc. and Aircraft Service International, Inc. were the employers of PLAINTIFF as evidenced by paychecks and by the company PLAINTIFF performed work for respectively, and are therefore jointly responsible as employers for the conduct alleged herein, and are therefore collectively referred to herein as "DEFENDANT."

4.    PLAINTIFF has been employed by DEFENDANT in California since July of 2015 and has been at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods.

5.    PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 6

6.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees.  DEFENDANT's uniform policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

7.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.  PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

8.      The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

EXHIBIT A, PAGE 7

**THE CONDUCT**

9.     As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members are from time to time unable to take thirty (30) minute off duty meal breaks and are not fully relieved of duty for their meal periods.  PLAINTIFF and other CALIFORNIA CLASS Members are required to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT fails to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees are required by DEFENDANT to work ten (10) hours of work.  As a result, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks is evidenced by DEFENDANT's business records.  PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

10.     During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members are also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees are denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA CLASS Members are also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members are from time to time denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

11.     When PLAINTIFF and other CALIFORNIA CLASS Members are required to miss meal and rest breaks, DEFENDANT also fails to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which fails to show, among other things, the correct wages paid for missed meal and rest breaks. Cal.

EXHIBIT A, PAGE 8

Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Aside, from the violations listed above in this paragraph, DEFENDANT fails to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provides PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violate Cal. Lab. Code § 226.

12.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically fails to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment for all time worked as required by California law which allows DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

13.    By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which fails to accurately calculate and record all missed meal and rest periods by PLAINTIFF and other CALIFORNIA CLASS Members. The proper recording of these employees' missed meal and rest breaks is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT fails to properly calculate and/or pay all required compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

EXHIBIT A, PAGE 9

14.     DEFENDANT as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

15.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, are required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members are required by DEFENDANT to use their personal cell phones for work related issues. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which include, but are not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

16.     Specifically as to PLAINTIFF, DEFENDANT fails to provide all the legally required off-duty meal and rest breaks to him as required by the applicable Wage Order and Labor Code. DEFENDANT does not have a policy or practice which provides timely off-duty meal and rest breaks to PLAINTIFF and also fails to compensate PLAINTIFF for his missed meal and rest breaks. The nature of the work performed by PLAINTIFF does not prevent him from being relieved of all of his duties for the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide PLAINTIFF with the legally required meal periods

CLASS ACTION COMPLAINT

is evidenced by DEFENDANT's business records. As a result of DEFENDANT not accurately recording all missed meal and rest periods and/or reporting time wages due, the wage statements issued to PLAINTIFF by DEFENDANT violated California law, and in particular, Labor Code Section 226(a). The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

17.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

18.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

19.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

20.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 11

CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

21.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engages in a practice whereby DEFENDANT systematically fails to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoys the benefit of this work, requires employees to perform this work and permits or suffers to permit this work.

22.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid accurately for all meal and rest breaks missed as required by California laws.  The DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

23.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

24.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

      (a)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods; and,

      (b)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by

violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

25.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, is classified as a non-exempt employee paid on an hourly basis who has been subjected to the DEFENDANT's deceptive practice and policy which fails to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby systematically underpaid compensation to PLAINTIFF and CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 13

PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

26.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and

10

practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

11

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 15

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

27.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be

12

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 16

able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

28.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

**THE CALIFORNIA LABOR SUB-CLASS**

29.    PLAINTIFF further brings the Second, Third, Fourth and Fifth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 17

are or previously were employed by DEFENDANT in California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

30.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engages in a practice whereby DEFENDANT fails to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoys the benefit of this work, requires employees to perform this work and permitted or suffers to permit this work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

31.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

32.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

33.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully fails to correctly calculate and pay

14

compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)    Whether DEFENDANT fails to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e)    Whether DEFENDANT's conduct was willful.

34.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(b)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks; and,

(c)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

35.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

15

so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, is classified as a non-exempt employee who was subjected to the DEFENDANT's practice and policy which fails to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.   There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

36.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

CLASS ACTION COMPLAINT

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

    1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

    2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly fails to pay all wages due. Including the correct wages for all time worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)    The interests of the members of the CALIFORNIA LABOR SUB-

17

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 21

CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of

18

this action pursuant to Cal. Code of Civ. Proc. § 382.

37.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

19

1    wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

2    CLASS as a whole;

3    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

4    ascertainable from the business records of DEFENDANT. The

5    CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

6    CLASS Members who worked for DEFENDANT in California at any

7    time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

8    (i)    Class treatment provides manageable judicial treatment calculated to bring

9    a efficient and rapid conclusion to all litigation of all wage and hour

10    related claims arising out of the conduct of DEFENDANT as to the

11    members of the CALIFORNIA LABOR SUB-CLASS.

12

13    **FIRST CAUSE OF ACTION**

14    **For Unlawful Business Practices**

15    **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

16    **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

17    38.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

18    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

19    Complaint.

20    39.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

21    Code § 17021.

22    40.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

23    unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section

24    17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

25    competition as follows:

26    Any person who engages, has engaged, or proposes to engage in unfair
      competition may be enjoined in any court of competent jurisdiction. The court
27    may make such orders or judgments, including the appointment of a receiver, as
      may be necessary to prevent the use or employment by any person of any practice
28    which constitutes unfair competition, as defined in this chapter, or as may be

20

necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

41.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 226.7, 512, 1198 & 2802, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

42.    By the conduct alleged herein, DEFENDANT's practices are unlawful and unfair in that these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and are without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

43.    By the conduct alleged herein, DEFENDANT's practices are deceptive and fraudulent in that DEFENDANT's uniform policy and practice fails to provide the legally mandated meal and rest periods and the required amount of compensation for missed meal and rest periods and reporting time wages owed, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

44.    By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

45.    By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair

CLASS ACTION COMPLAINT

1  and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to

2  provide all legally required meal breaks to PLAINTIFF and the other members of the

3  CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

4      46.    Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

5  CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

6  meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

7  for each workday in which a second off-duty meal period was not timely provided for each ten

8  (10) hours of work.

9      47.    PLAINTIFF further demands on behalf of himself and each member of the

10  CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest

11  period was timely provided as required by law.

12      48.    By and through the unlawful and unfair business practices described herein,

13  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

14  other members of the CALIFORNIA CLASS, including earned wages for all time worked, and

15  has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

16  detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

17  to unfairly compete against competitors who comply with the law.

18      49.    All the acts described herein as violations of, among other things, the Industrial

19  Welfare Commission Wage Orders, the California Code of Regulations, and the California

20  Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive

21  and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business

22  practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

23      50.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

24  and do, seek such relief as may be necessary to restore to them the money and property which

25  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

26  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

27  unfair business practices, including earned but unpaid wages for all time worked.

28      51.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

1  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

2  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

3  engaging in any unlawful and unfair business practices in the future.

4       52.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

5  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

6  of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

7  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

8  other members of the CALIFORNIA CLASS have suffered and will continue to suffer

9  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

10  engage in these unlawful and unfair business practices.

11

12  ## SECOND CAUSE OF ACTION

13  ### For Failure to Provide Required Meal Periods

14  **[Cal. Lab. Code §§ 226.7 & 512 ]**

15  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

16  **Defendants)**

17       53.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

18  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

19  of this Complaint.

20       54.    From time to time, during the CALIFORNIA CLASS PERIOD, DEFENDANT

21  fails to provide all the legally required off-duty meal breaks to PLAINTIFF and the other

22  CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

23  Labor Code. The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR

24  SUB-CLASS MEMBERS does not prevent these employees from being relieved of all of their

25  duties for the legally required off-duty meal periods. As a result of their rigorous work

26  schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are from

27  time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally,

28  DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

1   Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced

2   by DEFENDANT's business records. Further, DEFENDANT fails to provide PLAINTIFF and

3   CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in

4   which these employees are required by DEFENDANT to work ten (10) hours of work.  As a

5   result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore

6   forfeited meal breaks without additional compensation and in accordance with DEFENDANT's

7   strict corporate policy and practice.

8         55.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable

9   IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

10  CLASS Members who were not provided a meal period, in accordance with the applicable

11  Wage Order, one additional hour of compensation at each employee's regular rate of pay for

12  each workday that a meal period was not provided.

13        56.    As a proximate result of the aforementioned violations, PLAINTIFF and

14  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

15  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

16  suit.

17

18                           **THIRD CAUSE OF ACTION**

19                    **For Failure to Provide Required Rest Periods**

20                        **[Cal. Lab. Code §§ 226.7 & 512 ]**

21           **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

22                                    **Defendants)**

23        57.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

24  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

25  of this Complaint.

26        58.    From time to time, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

27  Members are required to work in excess of four (4) hours without being provided ten (10)

28  minute rest periods.  Further, these employees are denied their first rest periods of at least ten

(10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

59.    DEFENDANT further violates  California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who are not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

60.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

### FOURTH CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

61.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

62.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

63.    When DEFENDANT does not accurately record PLAINTIFF's and other CALIFORNIA CLASS Members' missed meal and rest breaks, DEFENDANT violates Cal. Lab. Code § 226 in that DEFENDANT fails to provide an accurate wage statement in writing that properly and accurately itemizes all missed meal and rest periods and reporting time wages owed to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and thereby also fails to set forth the correct wages earned by the employees.

64.    DEFENDANT knowingly and intentionally fails to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.    These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities.    These damages are

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 30

difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## FIFTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

65.     PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

66.     Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

67.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not limited to, costs related to using their personal cellular phones all on behalf of and for the benefit of DEFENDANT. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cell phones to respond to work related issues.

EXHIBIT A, PAGE 31

DEFENDANT's uniform policy, practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their personal cellular phones for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

68.    PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by him and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 32

2.      On behalf of the CALIFORNIA LABOR SUB-CLASS:

     A)      That the Court certify the Second, Third, Fourth and Fifth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

     B)      Compensatory damages, according to proof at trial, due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

     C)      The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226; and,

     D)      Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks.

3.      On all claims:

     A)      An award of interest, including prejudgment interest at the legal rate;

     B)      Such other and further relief as the Court deems just and equitable; and,

     C)      An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §218.5, §226, §1198 and/or §2802.

Dated: April 25, 2018            BLUMENTHAL NORDREHAUG BHOWMIK
                             DE BLOUW LLP

                         By:  _____
                             Norman B. Blumenthal
                             Attorneys for Plaintiff

1

## **DEMAND FOR A JURY TRIAL**

2          PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated: April 25, 2018              BLUMENTHAL NORDREHAUG BHOWMIK
                                        DE BLOUW LLP
5

6

7                                    By: _____
                                          Norman B. Blumenthal
8                                         Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

EXHIBIT A, PAGE 34

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **SEP-26-2018** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**